IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01759-MSK-MEH

KARVELAS L. STEVENS

     Plaintiff,

v.

DHS DRILLING COMPANY,

     Defendant.

---

## PROTECTIVE ORDER

---

The parties and each counsel of record have stipulated and moved the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, therefore, the Court orders as follows:

1.    In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests.

2.    "Confidential Information" means any document, file, portions of files, electronic data, audio, video, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public and implicating a business or privacy interest – and designated by one of the parties in the manner provided in paragraph 3 below as containing Confidential Information, including:

      a.      personnel files;

      b.      witness statements in any format;

      c.      medical records;

      d.      internal affairs investigation files;

      e.      security and/or investigative policies or procedures;

      f.      business or financial documents, research, development or commercial information; and

      g.      other documents that implicate a business or privacy interest.

As a condition of designating documents "Confidential," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "Confidential" is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

      3.      Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

      a.  By stamping the word "Confidential" on each page or document produced which contains confidential information;

      b.  By identifying material in a discovery response material as privileged or "Confidential;" and

      c.  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty (30) calendar days after receipt of the transcribed testimony.

      4.      All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation, including any appeal in this case, and not for any business or other purpose whatsoever;

    b. It shall not, without the consent of the party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

    (i) attorneys working on this case;

    (ii) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (iii) the parties and designated representatives for the entity defendant;

    (iv) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (v) the Court and its employees ("Court Personnel");

    (vi) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (vii) deponents, witnesses, or potential witnesses; and

    (viii) other persons by written agreement of the parties.

  5. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

7. During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) business days after the notice is received. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

9. Stamped Confidential Information may be included with, or attached to, motions under Federal Rules of Civil Procedure 12 and 56, motions to determine confidentiality under this Protective Order, motions relating to discovery disputes, or other matters where the Confidential Information is relevant to the motion. In the event Confidential Information is

used in any court filing or proceeding, including use at trial, it shall not lose its confidential status as between the parties through such use.  Nothing in this Protective Order precludes the filing or requires a party to file a Motion to Seal under the requirements of D.C.COLO.LCiv.R 7.2. and 7.3.  Confidential Information will not be sealed absent entry of an order by the Court on the filing of such a motion.

10. The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

11. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

12. Upon termination of this litigation, including any appeals, each party's counsel shall either destroy, or return to the producing party all Confidential Information provided subject to this Protective Order.

13. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 3rd day of December, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge